FILED

11/30/2023

Clerk, U.S. District Court
District of Montana
Billings Division

P. Brad Condra, Esq.
Rachel H. Parkin, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Fax No: (406) 549-7077
E-Mail:  rparkin@bigskylawyers.com
        bcondra@bigskylawyers.com

*Attorneys for Petitioner Acuity Insurance*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| ACUITY INSURANCE, a MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>ALAN LEES, INC.,<br><br>Defendant. | Cause No. **CV-23-141-BLG-SPW-TJC**<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff Acuity Insurance, a Mutual Insurance Company ("Acuity"), by and through undersigned counsel of record, and for its Complaint alleges as follows:

## PARTIES

1. Plaintiff Acuity is a mutual insurance corporation organized and existing under and by virtue of the laws of the state of Wisconsin. Its principal place of business is Sheboygan, Wisconsin. As such, Plaintiff Acuity is a resident and citizen of Wisconsin.

2. Respondent Alan Lees, Inc. ("ALI") is a Montana corporation with its principal place of business in Billings, Yellowstone County, Montana.

## JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the insurance policy at issue in this declaratory judgment action was issued by Acuity to ALI in Billings, Yellowstone County, Montana.

4. Subject matter jurisdiction is based on 28 U.S.C. § 1332(a) as this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

5. This Court has subject matter jurisdiction to declare the rights and obligations of the parties herein with regard to the insurance policy at issue pursuant to 28 U.S.C. § 2201.

6. The contracts and obligations at issue in this case arise in Montana and must be interpreted under Montana law.

## APPLICABLE INSURANCE POLICY

7. Acuity provided ALI with Commercial General Liability Coverage under Acuity Policy No. X86154, with effective dates from 01/01/2020 to 01/01/2021 ("the Policy").

8. The Policy lists Alan Lees, Inc., d/b/a All Real Estate as the named insured.

9. All coverage provided under the Policy is subject to the terms and conditions of the Policy.

10. A certified copy of the Policy is attached hereto as Exhibit 1, with premium information redacted.

## UNDERLYING LITIGATION

11. On or about November 12, 2020, David William Heiser ("Heiser") filed an action against ALI, Wade and Bonnie Sanderson, and the Sanderson Family Trust in the Montana Thirteenth Judicial District Court, Yellowstone County, as Cause No. DV-20-1460 ("Underlying Litigation").

12. On or about April 13, 2021, Heiser filed an Amended Complaint in the Underlying Litigation.

13. On or about April 13, 2023, Heiser filed a Second Amended Complaint in the Underlying Litigation. The Second Amended Complaint substitutes Stephanie Huck as the Personal Representative of the Estate of David

William Heiser as the Plaintiff, and brings claims against ALI and Randall Hand. This Second Amended Complaint is currently the operative pleading in the Underlying Litigation.

14. Acuity is currently defending ALI against Heiser's claims in the Underlying Litigation pursuant to a reservation of rights.

15. Heiser's claims against ALI in the Underlying Litigation, as reflected in the Second Amended Complaint, include the following factual allegations:

   a. Heiser rented a home located at 108 Rhea Lane, Billings, Montana. The home was owned by Randall Hand and managed by ALI.

   b. Approximately three months into the lease, Heiser noticed mold and a gas leak in the home.

   c. At approximately the same time, Heiser repeated became sick and began suffering from chronic headaches.

   d. Hand and ALI retained a restoration company to address issues of water leaking into the home, and the restoration company discovered mold in removed drywall.

   e. Two years prior to Heiser's residency, there had been a water heater leak that necessitated removal of walls, and so Hand and ALI "knew or should have known" of excessive moisture problems and mold in the home.

    f.  Hand and ALI did not notify Heiser of the presence of mold or excessive moisture prior to the execution of the lease agreement.

    g.  Heiser was admitted to the hospital on May 12, 2020, with legionella pneumonia which caused respiratory failure. He was placed on a ventilator in the intensive care unit where he remained for sixteen days.

    h.  Heiser's treating physician concluded that it was likely that Heiser's living conditions, specifically standing water and mold in the home, were the cause of Heiser's condition.

    i.  Heiser died from complications stemming from his legionella pneumonia on September 18, 2022.

16.    For his claims against ALI, Heiser includes eight causes of action, including Breach of Contract, Breach of Implied Covenants, Violation of the Residential Landlord and Tenant Act, Negligence, Negligence *Per Se* (Residential Landlord and Tenant Act), Negligence *Per Se* (§ 70-16-703 Mold Disclosure), Negligent and/or Intentional Misrepresentation, and Negligent and/or Intentional Infliction of Emotional Distress.

17.    A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit 2.

## COUNT I

## DECLARATORY JUDGMENT

18. Acuity re-alleges Paragraphs 1 through 17 above.

19. The parties to this lawsuit dispute whether coverage exists under Acuity Policy No. X86154, with effective dates from 01/01/2020 to 01/01/2021, for the claims asserted against ALI by Heiser in the Underlying Litigation.

20. This action seeks a declaration as to Acuity's obligation to defend and indemnify ALI for the claims asserted against it in the Underlying Litigation.

21. An actual controversy exists between Acuity and ALI in that Acuity believes the claims asserted against ALI in the Underlying Litigation are excluded by numerous policy provisions and exclusions.

22. The Policy contains the following pertinent provisions:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\*\*\*

### SECTION I – COVERAGES

\*\*\*

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages

for *bodily injury* or *property damage* to which this insurance does not apply…

\*\*\*

**b.** This insurance applies to *bodily injury* and *property damage* only if:

(1) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory*;

(2) The bodily injury or property damage occurs during the policy period…

\*\*\*

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

*Bodily injury* or *property damage* expected or intended from the standpoint of the insured. This exclusion does not apply to *bodily injury* resulting from the use of reasonable force to protect persons or property.

\*\*\*

**SECTION V – DEFINITIONS**

3. "*Bodily injury*" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "*Coverage territory*" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada…

\*\*\*

13. "*Occurrence*" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

15. "*Property damage*" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, transmitted to or from computer software, including systems and applications software, hard or floppy disks, CDROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1. The following exclusion is added to Paragraph 2, Exclusions of Section I - Coverage A – Bodily Injury and Property Damage Liability:
   **Fungi or Bacteria**

   a. *Bodily injury* or *property damage* which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any *fungi* or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or

product contributed concurrently or in any sequence to such injury or damage.

    **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, fungi or bacteria, by any insured or by any other person or entity.

    This exclusion does not apply to any *fungi* or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

***

**3.** The following definition is added to the Definitions Section:

"*Fungi*" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

***

**LIMITATION OF COVERAGE – REAL ESTATE OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to real estate operations, this insurance applies only to *bodily injury*, *property damage* or *personal and advertising injury* arising out of the ownership, operation, maintenance or use of:

  **1.** Such part of any premises you use for general office purposes; and

  **2.** Premises listed or shown by you for sale or rental, if:

      **a.** You do not own, operate, manage or rent the premises;

      **b.** They are not in your care, custody or control; or

  c. You do not act as agent for the collection of rents or in any supervisory capacity.

***

**EXCLUSION – REAL ESTATE AGENTS OR BROKERS ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2 Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2 Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to *bodily injury*, *property damage* or *personal and advertising injury* arising out of any misrepresentation, error or omission involving any real estate services performed by you or any real estate agent or broker who is either employed by you or performing work on your behalf in such capacity.

***

**ACUITY ENHANCEMENTS – GENERAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
***

 J. Broadened Bodily Injury

The Definition of *Bodily Injury* is amended to include mental anguish.

*   *   *

  23. Coverage for the claims in the Underlying Litigation is precluded or excluded based on one or all of the provisions and/or exclusions stated in Paragraph 22 above.

10

24. Policy Exclusion 2(a) – Expected or Intended Injury, excludes coverage for Heiser's claims in the Underlying Litigation because the allegations forming the basis of the claims include intentional conduct with intentional harm.

25. The Policy's Fungi or Bacteria Exclusion excludes coverage for Heiser's claims in the Underlying Litigation because the allegations forming the basis of the claims include alleged injury arising out of mold, which is a "fungi" within the meaning of the Policy.

26. The Limitation of Coverage – Real Estate Operations Endorsement precludes coverage for Heiser's claims in the Underlying Litigation because the allegations forming the basis of the claims arise out of property management services that are real estate operations within the scope of the coverage limitation.

27. The Real Estate Agents or Brokers Errors and Omissions Endorsement excludes coverage for Heiser's claims in the Underlying Litigation because the allegations forming the basis of the claims arise out of alleged misrepresentations, errors, or omissions involving estate services performed by ALI.

28. The other provisions and/or exclusions cited above in Paragraph 22 may also preclude or limit coverage under the Insuring Agreements.

29. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities,

if any, which exist as to the Acuity Policy No. X86154 for the claims asserted against ALI by Heiser in the Underlying Litigation.

## COUNT II
## ATTORNEYS' FEES AND COSTS

30. Acuity re-alleges Paragraphs 1 through 29 above.

31. Where no defense obligation is owed, an insurer may recoup costs to defend an insured made under a reservation of rights if the insurer provides timely notice of its right to recoup costs of defense.

32. Under the terms and conditions of the Policy, no coverage is available for the claims made or for the damages sought by Heiser in the Underlying Litigation.

33. Under the facts of this case, Acuity is entitled to an order granting supplemental relief, including its costs and fees incurred in defending ALI in the Underlying Litigation.

**WHEREFORE**, Acuity prays for the following relief:

1. That this Court issue a declaratory judgment finding Acuity owes no duty to defend and/or indemnify ALI from the claims asserted against it by Heiser in the Underlying Litigation;

2. That this Court order reimbursement of any indemnity payments that may have been made on ALI's behalf for any claims this Court deems outside the insuring agreement or barred by the provisions and/or exclusions in the Policy;

3. That this Court order reimbursement of defense costs, including attorney fees, expended on ALI's behalf for any claims this Court deems outside the insuring agreement or barred by the provisions and/or exclusions in the Policy, pursuant to *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469 (Mont. 2005); and

5. For such other and further relief as the Court deems just and proper.

DATED this 29th day of November, 2023.

By: */s/ Rachel H. Parkin*
Rachel H. Parkin

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
*Attorneys for Petitioner*